## WILLIAM GRAHAM v. WILLIAM GOUDY.

THIS was an action of *indebitatus affumfit,* for money laid out and expended, for money had and received, and for money due on an *infimul computaffent.*    1793.

Goudy, *for value received,* had, before it was due, which was in *May,* 1795, affigned to *Graham* a bond, on one *Neily* and one *Emerfon,* who, in *March,* 1795, went down the river. *Neily* never returned publicly. In *July,* 1795, there was judgment againft *Emerfon,* on this bond, a writ of enquiry, and final judgment for 21*l.* *Emerfon* knew, that *Neily* had directed one *Smith,* to pay the bond affigned to *Graham* ; and underftood from *Graham,* that he had given up the bond to *Smith,* on whom *Emerfon* had a bond ; and faw *Smith* have the bond. In confequence of this, *Emerfon,* who was only a furety, had given up to *Neily* property, which he had got from him to difcharge the bond. There was fome proof, that, when this bond was affigned, *Graham* had his choice of other bonds, and preferred this. And, in converfation, *Goudy* told *Graham,* to take care, as that bond was now gone from him. *Emerfon* being infolvent, the prefent action was brought by the affignee againft the affignor of this bond.

Brackenridge and *Young,* for the defendant. This is not a negotiable paper, the indorfement of which renders the indorfor liable to the indorfee, on failure of the drawee. If it were, not ufing due diligence, or giving credit is equal to a payment, and difcharges the indorfor. The failure of payment, in this cafe, arofe from the conduct of *Graham,* who deceived *Emerfon,* by giving the note to *Smith,* a debtor of his. *Graham* has alfo delayed a long time. There is no evidence of what the confideration was, whether 21*l.* or only 5*s.* and fo there is no certain meafure of damages. And there is evidence, that *Graham* was to run the rifk.

Rofs and *Woods,* for the plaintiff. This action lies for money paid by miftake, or for a confideration which happens to fail; for money got through impofition, exprefs or implied ; or where undue advantage is taken of the plaintiff's fituation ; it lies in all cafes where the defendant has money, which, in equity and good con-

fcience, he ought not to retain. This is not a negotiable paper; nor is this action brought as if it were.

PRESIDENT. The recovery is put on two grounds:—

1. Impofition or fraud;

2. The confideration happening to fail.

1. Fraud is not to be prefumed, and has not been proved. If the circumftances were equally in the knowledge of both, and the affignee took the rifk, he muft bear the lofs.

2. If the tranfaction was fair, and if the confideration failed through the negligence of *Graham*, he muft bear the lofs. It does not appear, that the confideration, for which value was given, was an undertaking that the bond fhould be paid, but an affigning of the bond. If there had been an undertaking by the affignor, and reafonable diligence by the affignee, the affignor would have been liable.

The jury gave a verdict for 20*l.* But, on motion, this verdict was fet afide, becaufe there was no proof of fraud, or exprefs promife to be anfwerable for the payment of the money; and becaufe *Graham's* negligence and trafficking with *Smith*, after the bond was due, and want of notice or demand on *Goudy*, is fufficient to counterbalance any prefumption that can arife out of the cafe, in favour of *Graham*.

It was never tried again.